{¶ 10} I respectfully dissent.
 {¶ 11} I disagree with the majority's conclusion that Mother waived for purposes of appeal the issue that the trial court erred by failing to give her the option to move for a continuance of the contested hearing. Based on my review of the transcript, I believe that Mother indicated her objection to proceeding with the contested hearing and, further, that the trial court erred by failing to continue, sua sponte, the contested hearing.
 {¶ 12} Father initiated the action below by filing a petition to determine the allocation of parental rights and responsibilities. He asserted that it was in the child's best interest that the parties share parenting, and Father attached a proposed shared parenting plan for the court's consideration. Father's proposed plan stated that Mother would be the residential parent for purposes of enrolling the child in school. The matter was scheduled for hearing, at which time Mother learned for the first time that Father was withdrawing his request for shared parenting from consideration and was seeking designation as the sole residential parent. Mother alerted the trial court that she did not have notice that the court would be considering this new issue. Although the transcript indicates that the trial court learned for the first time on the date of the hearing that Father was withdrawing his shared parenting plan for consideration, the trial court insisted to Mother that she had notice of the issues pending for contested hearing. The transcript indicates also that the trial court learned for the first time at hearing that Father had moved and was now living in "Carolina," so that an award of custody to Father would require that the child leave the state of Ohio. Furthermore, although the trial court recognized that Mother would have *Page 7 
a difficult time representing her own interests without an attorney, the trial court asserted that Mother had only 2 options, to wit: to settle or to proceed to hearing. Under the circumstances, given the "bait and switch" tactic by Father to prosecute a request for sole custody in lieu of his noticed request for shared parenting, as well as the trial court's recognition of Mother's inability to represent herself adequately without prior notice of the issues, I believe that the trial court should have sua sponte granted a continuance of the contested hearing. Accordingly, I would reverse. *Page 1